UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE TURNER,

                Petitioner,               Civ. No. 04-73105
                                                 Crim. No. 02-80884
vs.                                                  Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

                Respondent.
_____/

OPINION AND ORDER DENYING PETITIONER'S
§ 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on     September 28, 2007

        PRESENT: Honorable Gerald E. Rosen
                            United States District Judge

       Petitioner Jermaine Turner pled guilty to one count of felon-in-possession of a firearm pursuant to a Rule 11 Plea Agreement and was convicted and sentenced on November 13, 2003 to 63 months imprisonment. Turner did not appeal his conviction or sentence. Instead, on August 12, 2004, he filed a § 2255 Motion to Vacate, Set Aside or Correct his Sentence.

       In his Plea Agreement, Turner and the Government agreed to a guideline sentencing range of 57 to 71 months. However, the parties thereafter agreed that a 41-51

1

month sentencing range would be appropriate.[1] The Court accepted the 41-51 month guideline re-calculation, but because it found that Turner had under-represented the seriousness of his criminal history,[2] it *sua sponte* upwardly departed from this range pursuant to U.S.S.G. § 4A1.3 and sentenced Turner to 63 months. Turner claims in the instant § 2255 motion that, pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004), the Court's upward departure from the guideline range violated his rights under the Fifth and Sixth Amendment. The Supreme Court's intervening decision in *United States v. Booker*, 543 U.S. 220 (2005) now governs Petitioner Delano's *Blakely* claim. *See Humphress v. United States*, 398 F.3d 855, 857 (6th Cir. 2005).

In *Blakely*, the Supreme Court held that a defendant's Sixth Amendment right to a jury trial was violated when a sentencing judge found aggravating "mandatory" guidelines factors at sentencing. In *Booker*, the Supreme Court declared that the remedy for this constitutional violation was to make the Guidelines advisory.

*Blakely* and *Booker,* however, would have no effect on this case. The Sixth Circuit has conclusively determined that *Booker* does not apply retroactively to cases

---

[1] The recalculation was based upon the probation officer's post-plea agreement determination that only one of Turner's three juvenile convictions qualified for scoring under U.S.S.G. § 4A1.2 because the other two adjudications resulted in sentences that were imposed more than 5 years prior to the felon-in-possession offense.

[2] Turner had failed to inform the Court and the probation department that his more-than-five-year old juvenile offenses were weapons and assault and battery offenses and he failed to inform the department that he had other outstanding criminal charges pending against him.

already final on direct review. *See Humphress v. United States*, *supra*. *See also Varela v. United States*, 400 F.3d 864 (11th Cir. 2005) (same); *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005) (same).

The conviction of a federal criminal defendant who does not take a direct appeal to the court of appeals becomes final for purposes of 28 U.S.C. § 2255 upon the expiration of the period of time within which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed. *Sanchez-Castellano v. United States,* 358 F.3d 424, 427 (6th Cir. 2004). Pursuant to Fed. R. App. P. 4(b)(1), that period is ten days after the entry of the judgment of conviction. *See id.*[3] In this case, Turner's conviction was "entered" on November 24, 2003 [*See* Dkt. # 17.] His conviction, therefore, became final ten days later, on December 4, 2003. This was more than 13 months before *Booker* was decided. Therefore, Turner cannot rely upon *Blakely/Booker* as the basis for § 2255 relief.

For these reasons,

IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside or

---

[3] Fed. R. App. P. (b)(1) provides, in relevant part,

(A) In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of:

    (i) the entry of either the judgment or order being appealed; or

    (ii) the filing of the government's notice of appeal.

Fed. R. App. P. (b)(1)(A).

Correct Sentence be, and hereby is, DENIED. Accordingly,

IT IS FURTHER ORDERED that the above-captioned § 2255 action be DISMISSED.

IT IS FURTHER ORDERED that, because the Court's ruling on this matter would not be debatable among jurists, pursuant to 28 U.S.C. § 2253(c), a certificate of appealability for this decision shall not issue.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: September 28, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2007, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager